IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MELCHOR HAWKINS, JR., § | | |
|    Petitioner § | | |
| § | | |
| VS. § | | C.A. NO. C-06-343 |
| § | | |
| OSCAR LOPEZ, SHERIFF OF JIM § | | |
| WELLS COUNTY, TEXAS, § | | |
|    Respondent § | | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Institutional Division ("TDCJ-ID") and currently is incarcerated at the Byrd Unit in Huntsville, Texas. At the time he filed his complaint he was incarcerated in the Jim Wells County Jail in Alice, Texas and the actions about which he complains took place in Jim Wells County, Texas. Proceeding *pro se,* petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 on July 28, 2006 (D.E. 1).[1] Respondent filed a motion to dismiss on September 29, 2006 to which petitioner responded on October 10, 2006 (D.E. 12, 14, 15).[2]

---

[1] Petitioner executed his petition on July 28, 2006. Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379 (1988).

[2] The response appears to have been filed before the motion because when respondent originally filed his pleading on September 29, 2006, it was filed as a miscellaneous document rather than a motion. The clerk's office directed the respondent to refile the pleading as a motion and respondent did so on October 13, 2006 (D.E. 12, 15 and docket sheet).

## BACKGROUND

Petitioner was indicted on January 31, 2006 in the 79th Judicial District Court of Jim Wells County, Texas, and charged with one count of possession or promotion of child pornography, one count of sexual performance of a child and four counts of aggravated sexual assault of a child (Mot. to Dism., Ex. A; D.E. 15-2, pp. 1-6).  At the time he filed his petition, he was being held on a $600,000 bond.  In his petition he claimed that (1) his trial was being unreasonably delayed; (2) his bond was unreasonably high and (3) he was being prosecuted as a result of political infighting between his family and court officials, including the trial court judge, a Justice of the Peace, the Attorney General and the District Attorney.

After he filed his habeas petition in federal court, petitioner was convicted by a jury on August 24, 2006 on all six counts.  Petitioner was sentenced to four life sentences on the aggravated sexual assault charges and two 10-year sentences on the pornography and sexual performance of a child charges (Id. at 7-12).  Petitioner was transferred from the custody of Jim Wells County to the custody of TDCJ-ID on September 5, 2006.

In his motion to dismiss, respondent argues that (1) petitioner has failed to exhaust his state court remedies, (2) petitioner's claim regarding excessive bail is moot because he has been convicted on the charges; (3) some of the claims he makes are not cognizable in an action for habeas corpus; and (4) petitioner has been transferred to TDCJ-CID, and respondent no longer has custody of petitioner.  Petitioner counters that the court should address the constitutional concerns he raised in his complaint.

## APPLICABLE LAW

### A. Exhaustion of Remedies

Petitioner's claim is analyzed under the 1996 amendments to 28 U.S.C. § 2254. Before a federal court can grant an application for writ of habeas corpus, an applicant must have exhausted the remedies available in the courts of the state. 28 U.S.C. § 2254(2). In order to fully exhaust his state remedies, a petitioner must submit the factual and legal basis of his claim to the highest available court for review in a procedurally correct manner. Satterwhite v. Lynaugh, 886 F.2d 90, 92-93 (5th Cir. 1989). A Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. See Bautista v. McCotter, 793 F.2d 109, 110 (5th Cir. 1986).

A review of the record reveals that petitioner has not presented these claims to the Texas Court of Criminal Appeals. In his petition, petitioner claims that he has filed an application for a writ of habeas corpus with the trial court. However, there is no evidence in the record to support his claim and in any event, petitioner does not indicate that he has presented his claims to the Texas Court of Criminal Appeals. Eve if he had, there is no indication that the Texas Court of Criminal Appeals has ruled on the petition. Accordingly, petitioner has failed to exhaust his administrative remedies and his claims should be dismissed without prejudice so that he may pursue his state remedies.

### B. Mootness of Excessive Bail Claim

Petitioner claims that the amount of bond set in his case was excessive. Respondent, citing Bostick v. United States, 400 F.2d 449, 451 (5th Cir. 1968), argues for dismissal of this claim with prejudice because this issue becomes moot once a judgment of conviction has been rendered. While this is a correct statement of the law, dismissal without prejudice for failure to exhaust is still urged. If respondent prevails in state court on any of his issues and secures a new trial, petitioner may be permitted to re-urge his claims regarding the setting of bond.

**C. Conditions of Confinement Claims**

In one of the documents attached to the petition, petitioner complains of the conditions of his confinement (D.E. 1, att."Action Taken on Melchor Hawkins, Jr. Case Since 22 Dec. '05– to present"@ p. 3). He alleges he has been held in "solitary or separation to live like a 'mad dog' without 'no sunshine' or 'recreation' for over four months, he has been threatened, beaten, subject to atrocities, gang fights and medical problems, he has fallen and been pushed off his bunk and forced to compete with younger inmates, and subject generally to bad drinking water and inhumane conditions.

Petitioner's conditions of confinement claims are not properly raised in a habeas petition. "Section 1983 is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement." Cook v. Texas Department of Criminal Justice Transitional Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994) (citing Spina v. Aaron, 821 F.2d 1126, 1128 (5th Cir. 1987). If resolution of the factual and legal allegations would not automatically entitle petitioner to accelerated release, the a habeas petition is not the

4

appropriate remedy. Id.. It is respectfully recommended that petitioner's conditions of confinement claims be dismissed without prejudice so that he may exhaust his administrative remedies and file his claims in a § 1983 lawsuit.

**D.     Custodian**

Respondent claims that petitioner is no longer in the custody of Jim Wells County Sheriff because he has been transferred to the custody of TDCJ-CID. It is true that 28 U.S.C. § 2243 requires that the writ "shall be directed to the person having custody of the person detained". Because dismissal of the petition without prejudice is recommended, it is not recommended that the Director of TDCJ-CID be substituted and required to answer.

E**.  Certificate of Appealablility**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Slack v. Daniel, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In petitioner's case, it is recommended that his claims be dismissed on procedural grounds of failure to exhaust. If the district court orders that petitioner's cause of action be dismissed, and petitioner seeks a COA in order to proceed with his case, it is further

recommended that the COA be denied because jurists of reason would not find it debatable whether the district court was correct to dismiss the petition for failure to exhaust.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that respondent's motions to dismiss (D.E. 12, 15) be granted. Petitioner's habeas corpus action should be dismissed without prejudice for failure to exhaust his state court remedies. It is further recommended that petitioner's conditions of confinement claims be dismissed without prejudice so that the claims may be properly raised in a § 1983 lawsuit.

Respectfully submitted this 13th day of November, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).